**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

CARTARVIS A. JORDAN,            )
                               )
            Plaintiff,          )
                               )
v.                              )              CV623-046
                               )
OFFICER BROOKS,                 )
                               )
            Defendant.          )

## ORDER

The Court previously directed the United States Marshal to serve defendant "Officer Brooks." *See* doc. 8 at 3. The Marshal has filed a return of service indicating that he was unable to serve defendant, based on the information provided by Jordan. *See* doc. 11. The Marshal's return indicates that an unidentified Georgia Department of Corrections employee stated that they "need a first name or physical descriptions," but no "Officer Brooks" worked at Smith State Prison at the time of the alleged incident. *Id.* Jordan has submitted a copy of the Marshal's return that includes additional information. *See* doc. 12. He suggests that Brooks "works at Co[a]stal State Prison," but, because he is a member of the "tactical unit," works at other prisons, apparently including Smith

State Prison. *Id.* at 1. He also indicates that there was an investigation of the alleged incident by the Georgia Bureau of Investigation. *Id.* Finally, he includes what appears to be a physical description of Brooks as a "short fat guy with glasses [with] gold frames." *Id.* (punctuation altered).

"[I]n forma pauperis litigants should be entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). The Court's normal obligation is limited to "directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff." *Simmons v. Prison Health Servs., Inc.*, 2009 WL 2914103, at *1 (S.D. Ga. Sept. 10, 2009); *see also Smith v. Belle*, 321 F. App'x 838, 845 (11th Cir. 2009) (failure of prisoner proceeding *in forma pauperis* to provide an address for defendant so that process could be served warranted dismissal); *Salas v. Tillman*, 162 F. App'x 918, 923 (11th Cir. 2006).

Although Jordan's submission of additional information is informal and somewhat ambiguous, it appears that it might provide sufficient

information for the Marshal to, again, attempt service.  Accordingly, a copy of Jordan's Complaint, doc. 1, the Court's original Order directing service, doc. 8, and a copy of this Order shall be served upon defendant "Officer Brooks," as further described above, by the United States Marshal without prepayment of cost.  The instructions previously provided continue to apply. *See* doc. 8 at 3-11.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff.

 **SO ORDERED,** this 24th day of October, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA